UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TONG ZHOU,

Petitioner,

-v-

KRISTI NOEM *et al.*,

Respondents.

---

25 Civ. 10284 (PAE)

<u>OPINION & ORDER</u>

**PAUL A. ENGELMAYER, District Judge:**

On December 12, 2025, petitioner Tong Zhou was detained by U.S. Immigration and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus and an application for a temporary restraining order. Dkt. 4 (the "petition" or "Pet."). That day, the Court ordered respondents (the "Government") to show cause, by December 17, 2025, why the petition should not be granted. Dkt. 9. The Court later extended that deadline to December 18, 2025. Dkt. 12. The Court also ordered the parties to appear for a conference on December 22, 2025. Dkt. 9.

The Court has now received the Government's opposition. Dkt. 15 ("Opp'n"). The Government there acknowledges that the Court's decision yesterday in *Yao v. Almodovar*, No. 25 Civ. 9982, 2025 WL 3653433 (S.D.N.Y. Dec. 17, 2025), in which the Court ordered the release of a noncitizen based on a due process violation, "control[s] the result in this case." Opp'n at 4. The cases, the Government states, entail "materially indistinguishable" circumstances. *Id.* The Government accordingly recommends that the Court resolve this case on the papers, without a conference. *Id.*

The Court agrees. Based on the factual history set out in the Government's brief and supporting documents, this case is indeed materially indistinguishable from *Yao*. In each case,

1

the petitioner unlawfully entered the United States and was immediately apprehended and taken into custody, *see* Dkt. 14 ("Merlin Decl.") ¶ 3; *Yao*, 2025 WL 3653433, at *1, served with a notice to appear which stated that he was subject to removal from the United States, *see* Dkt. 13-3 at 1; *Yao*, 2025 WL 3653433, at *1, and then released on his own recognizance under 8 U.S.C. § 1226, a provision of the Immigration and Nationality Act ("INA"). *See* Dkt. 13-4 at 1; *Yao*, 2025 WL 3653433, at *1. Each petitioner had removal proceedings commenced against him and filed an application for asylum, which is pending. Merlin Decl. ¶ 8; Pet. at 2; *Yao*, 2025 WL 3653433, at *1. Each petitioner, earlier this month, during a routine check-in at 26 Federal Plaza, was taken into custody and served with an arrest warrant citing INA § 236—*i.e.*, 8 U.S.C. § 1226—as the statutory basis for detention. Dkt. 13-5; *Yao*, 2025 WL 3653433, at *2. Finally, in each case, the Government concedes (expressly or impliedly) that ICE did not make any individualized custody determination when it detained the petitioner. *See Yao*, 2025 WL 3653433, at *2 ("ICE concedes that, in detaining Yao, it did not exercise discretion or consider his individual circumstances."); Opp'n at 4 ("[T]he facts of this case are materially indistinguishable from those of *Yao*.").

In light of this factual synchronicity, the Court's decision in *Yao* dictates the outcome here. The Court there held as follows:

> First, Yao was subject to detention pursuant to § 1226(a), which authorizes detention solely on a discretionary, not mandatory, basis. He was not subject to detention under § 1225(b)(2)(A). Second, because Yao's detention under § 1226(a) was imposed without any process, it violated his due process rights. Third, the proper remedy for ICE's constitutional violation is Yao's immediate release.

*Yao*, 2025 WL 3653433, at 3.

2

Accordingly, and consistent with "the vast majority of other courts to consider this question," *id.* at *11, the Court finds that Zhou's detention abridged his rights under § 1226 and violated due process. The Court therefore orders Zhou's release.[1]

### CONCLUSION

For the above reasons, the Court grants the petition for a writ of habeas corpus.

ICE is hereby ordered to transport Zhou back to this District forthwith, and thereafter to release Zhou from custody. ICE shall certify compliance with the Court's order by filing an entry on the docket of this case no later than **5 p.m. on Friday, December 19, 2025**.

The conference previously scheduled for December 22, 2025 is canceled as moot. The Clerk of Court is respectfully directed to close this case.

Dated: December 18, 2025
New York, New York

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

---

[1] In *Yao*, the petitioner had moved for reasonable fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Zhou does not seek such relief here.

3